**FIRST STATE BANK OF OCEAN COUNTY**

v.

**Ronald RAITON.**

**Civ. A. No. 72–1585.**

United States District Court,
E. D. Pennsylvania.

May 29, 1974.

---

William E. Taylor III, Philadelphia, Pa., for plaintiff.

Gilbert B. Abramson, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

This case is a suit by a bank for payment of a promissory note endorsed by defendant. Monthly interest payments by the maker of the note ceased in April, 1972, and the full amount of the note ($35,000) became due December 24, 1973. None of the material facts of the transaction seem to be disputed, at least to the point of contradictory affidavits. Plaintiff moves for summary judgment on the grounds that the applicable law (that of New Jersey) entitles plaintiff to look to the endorser for payment when the maker defaults on and dishonors the note.

Defendant Raiton's endorsement was not in the chain of title, so that his liability is as an accommodation endorser. 12A N.J.Stat. § 3–415. As such he is liable to pay upon the default of the maker only after presentment, notice of dishonor, and protest by the obligee, but these prerequisites may be waived either expressly or by implication. 12A N.J. Stat. § 3–511. In this case defendant Raiton expressly waived them, rendering himself liable upon the default of the maker without more.

Defendant raises two defenses in opposition to plaintiff's motion; first, that there is no showing that plaintiff made a demand for additional collateral upon the maker, and second, that plaintiff's failure to record the note constituted an "unjustifiable impairment of collateral" relieving defendant of any further obligation on the note. 12A N. J.Stat. § 3–606(1)(b).[1]

As to the first issue raised by defendant, defendant has not given us any authority for a legal obligation on the obligee to demand additional collateral of a defaulting principal obligor before it can proceed against an accommodation endorser, nor have we found any such authority. A demand for additional collateral from the principal obligor would have been particularly futile here because the principal was in bankruptcy and could not legally advance any collateral. Although, as defendant states, the facts concerning whether an additional collateral demand was made on the principal may be disputed, these facts are not material.

Defendant's second defense assumes that his subrogation rights against the principal for any amount paid to the obligee by reason of the obligor's default is collateral, and that plaintiff's failure to record the note denied both itself and defendant a security interest against the principal, thus "im-

---

1. This section provides in relevant part:
   "The holder discharges any party to the instrument to the extent that without such party's consent the holder

   (b) Unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse."

pairing" defendant's "collateral." This argument totally misconstrues the nature of security agreements and recording. The recording of a promissory note does not convert it into a security interest in the obligor's property. In order for there to be a security interest there must be collateral, which does not include such items as an accommodation party's subrogation rights. 12A N.J. Stat. § 9–105. No collateral accompanied this note and thus there was nothing for plaintiff to impair.

ORDER

And now, to wit, this 29th day of May, 1974, the motion of plaintiff in the above captioned action is hereby GRANTED. Judgment is hereby entered in favor of plaintiff and against defendant in the amount of $53,313.13, computed as follows:

(a) $35,000.00 principal
(b)    6,735.50 11% interest for 21 months
(c)       875.00 6% interest for 5 months
                         (January, 1974 to May, 1974)
    $42,610.50 SUB-TOTAL

(d) $   125.00 25% of the first $500.00
(e)    6,316.59 15% of the claim in excess of $500.00
(f)    4,261.05 10% of the entire claim due to institution of suit
    $53,313.13 TOTAL

And it is so ordered.

